# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMON NIETHE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ZACK COHNER, and<br>I.D.O.C.<br><br>　　　　　　Defendants. | Case No. 24-cv-02054-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Damon Niethe, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Illinois Correctional Center (Menard), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that on February 28, 2024, Correctional Zack Cohner and seven to ten other correctional officers came to North 2, 8 Gallery in response to flooding and a fire. (Doc. 1, p. 6). Cohner sprayed Plaintiff with a burst of OC spray and another correctional officer sprayed Plaintiff with the fire extinguisher as the officers walked toward the back of the gallery. On their return, when they passed by Plaintiff's cell, Plaintiff asked Cohner why he had been sprayed with OC spray and the fire extinguisher. Cohner and the other correctional officer sprayed Plaintiff at

the same time with OC spray and the fire extinguisher. Cohner made derogatory remarks to Plaintiff and told Plaintiff to stay on his bed when he, Cohner, is on the gallery. Plaintiff states that he was left in his cell for seventy-two hours with no water to wash and clean the OC spray from is body. Plaintiff has requested medical attention due to issues with his eyes and a "rash/chemical burn" from the OC spray, but as of filing this Complaint, he has not received treatment. (*Id.*).

## PRELIMINARY DISMISSAL

In the Complaint, Plaintiff does not assert his allegations regarding lack of medical care following the use of OC spray against any named defendant. Accordingly, any claims Plaintiff is attempting to assert for the denial of medical care are dismissed without prejudice.

The Court also dismisses all claims against I.D.O.C. The Illinois Department of Corrections (IDOC) is not a "person" subject to suit for money damages under Section 1983. *Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012). Neither can a state agency be sued for prospective injunctive relief in federal court. *See Quick v. Ill. Dep't of Fin. & Prof'l Regulation*, 468 F. Supp. 3d 1001, 1009 (N.D. Ill. June 23, 2020) (collecting cases).

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following count:

**Count 1:** Eighth Amendment excessive force claim against Cohner for spraying Plaintiff with OC spray on February 28, 2024.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

Plaintiff claims that on February 28, 2024, Cohner used excessive force against him

---

[1] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

without a reason. The facts as pled allow the reasonable inference that the use of OC spray in this instance was excessive and not used to maintain or restore discipline. Thus, Plaintiff has established a viable Eighth Amendment claim against Cohner for excessive force.

### MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As for his efforts to recruit counsel, Plaintiff states that he "reached out to some pro bono attorney with no luck." Plaintiff continues that he is in segregation with no money to send letters and no way to use the phone. The Court finds this single attempt not sufficient to meet Plaintiff's threshold burden of making "reasonable efforts."

Although Plaintiff's current placement in segregation makes communication with those not incarcerated difficult, the Court presumes he will not be in segregation forever. Further, it is not clear that Plaintiff has been effectively precluded from seeking counsel. He may not have money for stamps to mail letters, but he does not explain whether he has used the proper internal procedures to acquire indigent supplies, such as paper, pens, and stamps in order to contact attorneys. Accordingly, the motion is **DENIED.** Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

**MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

Plaintiff has filed a proposed show cause order for a preliminary injunction and temporary restraining order stating that he is under constant harassment by correctional officers at Menard, including Defendant Cohner. (Doc. 11). He asserts that in September he was beaten and left in a cell for ten days with no mattress, running water, or light. During this time, he was urinating blood. Plaintiff seeks an immediate transfer to another facility.

The Court construes the proposed order as a motion for a temporary restraining order (TRO) and/or a preliminary injunction, and the motion is **DENIED**. In order to obtain an emergency injunctive relief, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A TRO or preliminary injunction "is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr*, 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation").

Here, Plaintiff does not seek relief related to the allegations pled in the Complaint – the use of OC spray against him by Cohner on February 28, 2024. Rather, he requests a transfer based on more recent allegations of excessive force and harassment that have occurred since filing the Complaint. A motion for a TRO or preliminary injunction is not the proper way to amend a complaint with new factual assertions and to add parties. Accordingly, Plaintiff's request for a

transfer based on the alleged physical assault by Cohner and others in September 2024 is denied.

## DISPOSITION

For the reasons set forth above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Zack Cohner. Because there are no surviving claims against I.D.O.C., the Clerk of Court is **DIRECTED** to terminate I.D.O.C. as a defendant.

Because Plaintiff's claim involves physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Cohner the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only to respond to the issues stated in this**

**Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 5, 2024**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**